FILED Rec'd 6/28/12
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 27 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TANVIR AMNA,

               Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF HEALTH,
THE STATE OF NEW YORK

               Defendant.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
08-CV-2806 (CBA)(LB)

AMON, Chief United States District Judge:

Plaintiff Tanvir Amna, pro se, has brought a motion before this Court, pursuant to Rule

10(e)(2)(B) of the Federal Rules of Appellate Procedure, to correct or modify the record

currently on appeal. The defendant New York State Department of Health ("DOH") has

opposed the request. For the reasons stated, Amna's motion is granted, and the newly submitted

version of her "Memorandum in Opposition to Defendant's Motion for Summary Judgment" will

be added to the record on appeal.

## I.    BACKGROUND

During the summary judgment proceedings before this Court, when Amna submitted her

"Memorandum in Opposition to Defendant's Motion for Summary Judgment," the document

was not scanned into the electronic docket by the Pro Se Office of the district court. (See docket

entry #78.) It is unclear why not—perhaps because the volume of the exhibits and the protruding

exhibit tabs placed by Amna made manual scanning appear impracticable. Additionally, when

the summary judgment motion was fully briefed, DOH submitted a paper courtesy copy of

Amna's opposition brief to chambers. (See docket entry #76, cover letter, at ¶19.) Presumably,

DOH made this courtesy copy by photocopying the opposition brief that Amna served on them.

For whatever reason, it appears that the only copy of Amna's opposition brief currently in this Court's possession, and contributing to the record on appeal, is the courtesy copy submitted to chambers by DOH. The version submitted by Amna was likely inadvertently discarded once the case closed before this Court.

On appeal, Amna observed some discrepancies between the opposition memorandum filed with the Court of Appeals and the version she possessed in her own records. Accordingly, at the direction of the Court of the Appeals, she has moved this Court to allow her to supplement the record with the "correct" version of her opposition brief. DOH has opposed the request, claiming that the version that Amna now seeks to submit is different from the version she served on it during the summary judgment briefing. Both parties have outlined various itemized discrepancies between the two versions. (See Pl. Mot. to Correct at ¶¶ 20-29; Def. Opp. at ¶ 6.) DOH has also provided the Court with the version of Amna's opposition that she seeks to have added to the record on appeal, which Amna notarized on February 9, 2012 as a "true copy of original."

## II.    DISCUSSION

Rule 10(e)(2)(B) of the Federal Rules of Appellate Procedure provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded."

Beyond the conclusory statement in Amna's motion that "[t]he missing/misplaced documents are crucial to substantiate the plaintiff's claims," (Pl. Mot. ¶ 28), neither party has offered any arguments for why the discrepancies between the two versions of Amna's opposition brief are material. Accordingly, the Court has compared the version currently on record with the

version Amna now seeks to submit, and has examined the discrepancies highlighted by both parties.

In the Court's view, none of the discrepancies are at all material. In large part, the differences between the two versions relate only to the order of certain exhibit pages. The few exhibit pages that are actually absent from the Court's version, as compared to Amna's version, do not relate to facts or exhibits that were relied upon in this Court's Memorandum & Order granting summary judgment, and the missing pages do not appear to have been relied upon in Amna's briefing in a significant way.[1] Importantly, neither party contends that there are any discrepancies related to Amna's memorandum of law, in which she made all her arguments in opposition to summary judgment.

However, the Court understands Amna's frustration at the fact that the original memorandum she submitted to the Pro Se Office was never docketed electronically, thus leading to this confusion. In light of Amna's pro se status, in addition to the fact that DOH has not even attempted to argue that any of the discrepancies between the two versions are material to the arguments it made to this Court or to the arguments it seeks to make on appeal, the Court will grant Amna's motion and will allow her to supplement the record with the version of her opposition brief that she claims is the true original.

---

[1]    The discrepancies are as follows: The Court's version is missing two pages from Exhibit 12, which consist only of a blank employee performance review. The Court's version of Exhibit 14 is series 617.1 of the DOH Administrative Policies and Procedures Manual, entitled, "Performance Evaluation – Administrative, Operational and Institutional Service Units"; in Amna's version the document at Exhibit 14 is series 617.2 from the same DOH manual, entitled "Performance Evaluation – Professional, Scientific, and Technical Services Unit." The documents are similar in content. Two pages in the middle of Exhibit 20 are missing from the Court's version, consisting of the last two pages of several ACTS Complaint/Incident Investigation Reports submitted by Amna. The Court's version of Exhibits 24 and 39 contain an additional page of email correspondence. The Court's version of Exhibit 44 is missing a second page of email correspondence, although it appears that the first page contains the key exchange between Fanny Velasco and David James.
    These exhibits were cited in Amna's legal memorandum at pages 17, 18, 36, 40, 53, and 57.

## III.   CONCLUSION

Amna's motion to correct or modify the record is granted.  The Clerk of Court is directed to scan the version of Amna's "Memorandum in Opposition to Defendant's Motion for Summary Judgment" that was notarized on February 9, 2012 into ECF, and to supplement the record on appeal.

SO ORDERED.

Dated: Brooklyn, New York
       June 27, 2012

/S/

Carol Bagley Amon
Chief United States District Judge

cc:
Tanvir Amna
6739 Bostwick Drive
Springfield, VA 22151